**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BENJAMIN BENAVIDES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:2012-cv-01549** |
| | § | |
| **ASSOCIATED MARINE & INDUSTRIAL** | § | |
| **STAFFING, INC., D/B/A AMI STAFFING** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT'S ORIGINAL ANSWER TO
PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Associated Marine & Industrial Staffing, Inc., d/b/a AMI Staffing ("Defendant") by and through its undersigned counsel, files its Original Answer to Plaintiff's Original Complaint and states as follows:

**A.      Nature of the Action**

1.      Defendant admits Plaintiff has filed a claim pursuant to the Fair Labor Standards Act ("FLSA") but denies the veracity of his claims.

2.      Defendant denies the allegations in Paragraph 2 of the Complaint.

**B.      Jurisdiction**

3.      Defendant admits the allegations in Paragraph 3 of the Complaint.

**C.      Venue**

4.      Defendant admits the allegations in Paragraph 4 of the Complaint.

5.      Defendant admits the allegations in Paragraph 5 of the Complaint.

**D.**     <u>**Parties**</u>

6.     Defendant is without sufficient knowledge to admit or deny Plaintiff's residence but does admit he is a former employee.

7.     Defendant admits the allegations in Paragraph 7 of the Complaint.

8.     Defendant admits the allegations in Paragraph 8 of the Complaint.

**E.**     <u>**Factual Allegations**</u>

9.     Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Defendant admits Plaintiff was a Customer Service Representative for a period of time during his employment with Defendant and that some of his job duties included those listed in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant admits Plaintiff's employment with Defendant ended on or about April 17, 2012, but denies that any of Defendant's actions were illegal or willful violations of the FLSA.

13.     Defendant denies the allegations in Paragraph 13 of the Complaint.

**F.**     <u>**Cause of Action**</u>

14.     Defendant incorporated its responses to Paragraphs 1-13 of the Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint.

**G.**     <u>**Damages**</u>

17.     Defendant denies Plaintiff is entitled to the damages requested.

**H.**     <u>**Jury Demand**</u>

18.     Defendant is not required to admit or deny Plaintiff's request for a jury.

19.     Defendant denies Plaintiff is entitled to the relief requested.

**DEFENDANT'S DEFENSES AND ENTITLEMENTS**

1.      The claims asserted are barred to the extent they arose outside the applicable statutes of limitations.

2.      Some or all of the claims asserted are barred by the doctrines of laches, waiver, estoppel, or unclean hands.

3.      Plaintiff's claims for relief are barred to the extent they exceed that available under state or federal law.

4.      To the extent Plaintiff worked more than his scheduled hours, he did so without Defendant's actual or constructive knowledge and in violation of Defendant's policies.

5.      Any wages owed are subject to allowable deductions or set-offs.

6.      Any alleged acts or omissions complained of were not willful, but were in good faith and based upon reasonable grounds, including existing legal precedent, for believing that the alleged acts or omissions were not violations of the FLSA.

7.      Defendant asserts Plaintiff has been paid for all hours worked and that, to the extent he is entitled to overtime pay, such pay is subject to a half-rate calculation.

8.      Plaintiff has failed to plead facts with sufficient particularity to support a claim for liquidated damages.

9.      Defendant retains the right to add any other and further defenses and affirmative defenses upon conducting discovery and in compliance with the Federal Rules of Civil Procedure and the Court's scheduling order.

Respectfully submitted,


By: /s/ Michael J. DePonte
    Michael J. DePonte, Esq.
    Texas Bar No. 24001392
    depontem@jacksonlewis.com
    JACKSON LEWIS LLP
    111 Congress Avenue, Ste 1400
    Austin, Texas 78701
    PH:  (512) 362-7100
    FX:  (512) 362-5574


**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was filed with the clerk for the U.S. District Court, Southern District of Texas and a copy was forwarded via ECF notice to the following attorneys of record:

Charles Sturm, Esq.
Bank of America Center
700 Louisiana, 48th Floor
Houston, Texas  77002


June 15, 2012                                          /s/ Michael J. DePonte
Date                                                          ONE OF COUNSEL



4836-6635-2911, v.  2

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**          **Page 5**